UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEWISH WAR VETERANS' MEMORIAL
HOME ASSOCIATION, a Michigan
nonprofit corporation,                    CIVIL CASE NO. 03-40136

                    Plaintiff,
                                          HONORABLE PAUL V. GADOLA
v.                                        U.S. DISTRICT JUDGE

JEWISH WAR VETERANS OF THE
UNITED STATES OF AMERICA, a
national chartered organization,


                    Defendant.

_____/



**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
ON COUNT II AND DENYING WITHOUT PREJUDICE THE MOTION TO VACATE
THE PRELIMINARY INJUNCTION**


**I.    INTRODUCTION AND BACKGROUND**

        This diversity case involves a dispute over whether or not the

Jewish War Veterans' Memorial Home Association ("MHA") is

subordinate to the Jewish War Veterans of the United States of

America ("JWV").  The Court previously granted summary judgment to

JWV and determined that MHA is subordinate to JWV.  See Jewish War

Veterans' Mem'l Home Ass'n v. Jewish War Veterans of the United

States of Am., 311 F. Supp. 2d 600 (E.D. Mich. 2004).  Count II in

JWV's counterclaim remained pending after the adjudication of the

cross motions for summary judgment, and the Court provided for additional briefing on this count.  In Count II, JWV seeks an accounting of MHA.  Now before the Court is a motion and brief by JWV for summary judgment on its claim for an accounting.  The Court will grant this motion, as explained below.

Also before the Court is MHA's motion to dissolve the preliminary injunction.  The parties previously stipulated to a preliminary injunction in this case.  Aug. 8, 2003 Order.  The preliminary injunction provides, in part, that the proceeds of MHA's real estate sale be held in escrow.  Because the Court will allow for an accounting and because the circumstances are unchanged at this time, the Court will deny without prejudice the motion to dissolve the preliminary injunction, as explained below.

## II.   LEGAL STANDARD FOR SUMMARY JUDGMENT

As this Court previously described at length in this case, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Jewish War Veterans, 311 F. Supp. 2d at 602-03 (citing Fed. R. Civ. P. 56(c)).  Summary judgment is appropriate if the moving party demonstrates that there is no

genuine issue of material fact regarding the existence of an
essential element of the nonmoving party's case on which the
nonmoving party would bear the burden of proof at trial.  Celotex
Corp. v. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike
Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).  In considering a motion
for summary judgment, the Court must view the facts and draw all
reasonable inferences in a light most favorable to the nonmoving
party.  60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th
Cir. 1987).

**III.   ANALYSIS**

To determine whether JWV is entitled to an accounting, the
Court begins with its previous determination in this case that MHA
is subordinate to JWV.  Jewish War Veterans, 311 F. Supp. 2d at
604. As a subordinate entity, the MHA is bound by JWV's
Constitution and Bylaws.  Id.  The JWV Bylaws provide that:

> All Echelons of the Jewish War Veterans must submit, by
> May 1, a report to the National Finance Board, on a form
> to be issued by National Headquarters.  This report shall
> pertain to Echelon finances, relating to all fundraising
> under the name of JWV, and donations made by that Echelon
> for the preceding year.  Each Echelon must maintain books
> and records, subject to audit, in support of the
> information contained in the report for a minimum of six
> years.  Echelons not submitting said report by May 1 of
> each year shall not by considered in good standing with
> the National Organization, Department or District or
> County Council.  All rights shall be promptly restored
> upon the filing of the report.

Bylaws Art. II, Section 4 (Pl. Ex. G).  Thus, JWV's Bylaws, to

3

which MHA is subordinate, provide that MHA is subject to audit by
JWV.   Furthermore, Judge Paul D. Borman, sitting as a presiding
judge over a temporary restraining order in this case, ordered MHA
to "fully account to this Court and to JWV all terms and conditions
of the [property] sale."  Jul. 31, 2003 Order at 2.

The Court determines that JWV is entitled to an accounting, in
accordance with the plain language of the bylaws.  Specifically,
MHA shall submit to JWV "a report to the National Finance Board, on
a form to be issued by National Headquarters" pertaining "to
Echelon finances, relating to all fundraising under the name of
JWV, and donations made by that Echelon" in the previous six years.
Bylaws Art II, Section 4 (Pl. Ex. G); see also Def. Resp. at 6.
Although JWV requests such information for the preceding ten years,
the Court determines that six years from the filing of this
litigation, not ten, is in accordance with the specification and
obligation set forth in JWV's bylaws.  Id.  Thus, because this case
was filed in May 2003, information from May 1997 to the present
shall be provided.  Additionally, MHA shall submit its "books and
records" to JWV for audit "in support of the information contained
in the report" for the same period.  Id.  These submissions shall
be made within forty-five days of the entry of this order.  Id.

MHA argues that it has no obligation to prepare an accounting.
The Court finds that MHA is obligated to provide the materials and

4

information specified above that are found in JWV's Bylaws.  MHA is also obligated under the Order entered by Judge Borman to "fully account to [] JWV all terms and conditions of the [property] sale" that gave rise to this litigation.  Jul. 31, 2003 Order at 2; <u>see also</u> Aug. 8, 2003 Stip. Order.

In its response, MHA also argues that JWV does not request monetary damages in its counterclaim.  JWV's counterclaim states that "JWV does not know what amounts, if any, may be revealed by such accounting as being owed to JWV and, therefore, makes no specific demand for monetary relief at the present time."  JWV Counterclaim at 5.  While no "specific demand" for an "amount" of "monetary relief" was claimed, this is not equivalent to not making a claim for monetary relief at all.  JWV now seeks to review the accounting and bring a claim for monetary relief, if any is warranted, based on the results of the accounting.  To bring such a claim within this lawsuit would be in the interests of judicial economy and is within the scope of the original counterclaim.

The Court will therefore allow JWV to bring a claim, if any, arising out of the accounting as specified above.  JWV shall bring such a claim within forty-five days of the receipt of the appropriate accounting, books, and materials from MHA.  If no such claim is brought before the Court within that time period, the Court will enter the declaratory judgment consistent with the

Court's orders.

Also before the Court is MHA's motion to vacate the preliminary injunction. The preliminary injunction order was entered with the stipulation of the parties. See Aug. 8, 2003 Order. The order provides, in part, that the proceeds of a real estate sale will be held in an escrow account. MHA now seeks to have those proceeds released so that they may be used to pay for "among other expenses, accrued attorneys['] fees [and] anticipated attorneys' fees to arise from continued defense of Defendant's counter claim for an accounting." Mot. at ¶ 8. Based on the preceding analysis that allows JWV to bring a claim based on the accounting, a dissolution of the preliminary injunction is premature and not appropriate at this time. The Court does not find the circumstances to be changed. The motion to dissolve the preliminary injunction is therefore denied without prejudice.

Finally, the Court notes that it is unfortunate that these two organizations with admirable and related missions should have such an acrimonious relationship. The Court respectfully encourages the parties to endeavor to resolve this dispute without further divisive, costly litigation.

**IV.   CONCLUSION**

**ACCORDINGLY, IT IS HEREBY ORDERED** that the motion to vacate the preliminary injunction by Plaintiff Jewish War Veterans'

6

Memorial Home Association [docket entry 45] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for summary judgment by Defendant Jewish War Veterans of the United States of America on Count II [docket entry 33] is **GRANTED.**

**IT IS FURTHER ORDERED** that MHA shall submit to JWV "a report to the National Finance Board, on a form to be issued by National Headquarters" pertaining "to Echelon finances, relating to all fundraising under the name of JWV, and donations made by that Echelon" from May 1997 to the present, as well as "books and records" for audit "in support of the information contained in the report" for the same period within forty-five days (45) of the entry of this order.

**IT IS FURTHER ORDERED** that JWV may file a claim, if any, with this Court within forty-five (45) days of receipt of the materials from MHA.  Such a claim must clearly articulate the authority for making the claim and the calculations used to arrive at the claim. If no claim is made within ninety (90) days from the entry of this order, the Court will enter declaratory judgment in accordance with the Court's orders.

**IT IS FURTHER ORDERED** that if JWV makes a claim, MHA shall file a response to JWV's claim within twenty-one (21) days of

service of the claim.

**SO ORDERED.**


Dated: June <u>30</u>, 2005                              <u>s/Paul V. Gadola</u>
                                                        HONORABLE  PAUL V. GADOLA
                                                        UNITED  STATES  DISTRICT  JUDGE

| Certificate of Service |
|---|
| I hereby certify that on  <u>July 6, 2005</u> , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Patricia M. Nemeth, A. Michael Palizzi, Jeffrey T. Rogg</u>    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Ronald S. Lederman and Allison C. Reuter</u> .<br><br> <u>s/Julia L. Delling</u><br>Julia L. Delling, Case Manager<br>(810) 341-7845 |